IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER BANKS**                                                        **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:20-cv-28-KS-MTP**

**CITY OF PETAL, MISSISSIPPI, et. al.**                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion to Dismiss [18] filed by Defendant City of Petal, Mississippi. Having considered the Motion, the record, and the applicable law, the undersigned recommends that the Motion [18] be granted and the City of Petal, Mississippi be dismissed from the case.

On February 14, 2020, Plaintiff Christopher Banks, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] asserting federal constitutional claims under § 1983. On May 5, 2020, the Court entered an Order [8] directing Plaintiff to clarify the defendants he intends to pursue a claim against.

On June 25, 2020, Plaintiff amended his complaint to include the City of Petal, Mississippi ("Defendant Petal"). On August 24, 2020, Defendant Petal filed a Motion to Dismiss [18] for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff did not file a response, and the deadline to do so has passed.

According to Plaintiff, he was injured when the driver transporting him from the Forrest County Jail to court in Petal, Mississippi pulled the transport vehicle over beside an open manhole cover. *See* [9] at 3. Plaintiff alleges:

> Petal Police Dept came to transport from Forrest County Jail to Petal Court. After Court I was transported back to Forrest County upon arrival the officer pulled into

1

> the garage beside a man hole that I was unaware of he opened the doors to let the inmates out, and as I stood up my shackles fell inside the drain causing me to be thrown under the cruiser then the officer had to pull my legs and shackles out of the drain.

*See* [1] at 4. Plaintiff further alleges "I was in the custody of the City of Petal, MS and due to their driver being negligent, he pulled over a man hole, and opened the door for me to get out with a opened man hole underneath me. I was in their custody, so it is to my belief, they should be the one responsible for me and my actions." *See* [9] at 1. Plaintiff claims personal injuries and asserts that this incident violates his constitutional rights under the Eighth Amendment. *See* [9] at 3.

Defendant Petal argues that Plaintiff did not assert a claim against Defendant Petal that rises to the level of a constitutional violation and, therefore, Defendant Petal should be dismissed from the case. *See* [18] at 1-2.

**STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires the plaintiff to state a claim upon which relief can be granted. When considering whether the plaintiff has failed to state a claim, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches, Litig.*, 425 F.3d 191, 205 (5th Cir. 2007). To withstand a Rule 12(b)(6) motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)). Because Plaintiff is a *pro se* litigant, his complaint is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89 at 94 (2007). Moreover, when addressing a motion to dismiss, the court must accept the Plaintiff's factual allegations as true. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the

2

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States. *Id*. (quoting 42 U.S.C. § 1983).

As indicated previously, Plaintiff asserts that while he was being transported, the officer driving the car pulled up beside a manhole, opened the door, and Plaintiff's shackles fell inside the drain. *See* [1] at 4. Plaintiff alleges that this action caused him to fall under the car as he exited. *Id*. On May 26, 2020, Plaintiff amended his complaint and asserted that "due to their driver being negligent" his constitutional rights were violated. *See* [9] at 3. Viewing the claims in the light most favorable to the Plaintiff, the undersigned finds he has not asserted any facts that amount to a violation of his constitutional rights by Defendant Petal.

To succeed with a § 1983 action, a plaintiff must demonstrate that a clearly established constitutional right was violated by a government official. *See McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002). Plaintiff has only stated a claim for negligence against Defendant Petal, and "garden-variety negligence" is not actionable under section 1983. *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995); *see also Noble v. Grimes*, 350 Fed. App'x 892 (5th Cir. 2009). Plaintiff himself describes the actions of the driver as "negligent." *See* [9] at 3. Because negligence is not properly brought under § 1983, the alleged incident does not state a claim and should be dismissed as to Defendant Petal.[1]

A municipality, like Defendant Petal, cannot be held liable for the acts of its employees based upon a theory of *respondeat superior*. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397 (1997). Instead, the liability of a local government under § 1983 must be analyzed under the United States Supreme Court case *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny. The Supreme Court held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local governmental entity was the "moving force" behind the constitutional violation. *Id*. at 694. Plaintiff makes no such allegation here nor does anything submitted by the Plaintiff make such an inference.

### RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendant Petal's Motion to Dismiss [18] be granted and Defendant Petal be dismissed from this action without prejudice.

---

[1] Plaintiff is also unable to proceed with any state tort claims against the City of Petal because the Mississippi Tort Claims Act § 11-46-9(1)(m) states that "(1) A governmental entity and its employees acting with the course and scope of their employment or duties shall not be liable for any claim:… (m) of any claimant who at the time the claim arises is an inmate of any…jail…." Miss. Code. Ann. § 11-46-9.

The claims asserted against the remaining Defendant, Forrest County, Mississippi, remain pending.

### RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

THIS the 19th day of November.

                                                    s/ Michael T. Parker
                                                   United States Magistrate Judge