IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER BANKS**                                                                     **PLAINTIFF**

v.                                                       **CIVIL ACTION NO.: 2:20-cv-28-TBM-MTP**

**CITY OF PETAL, MISSISSIPPI**
**and FORREST COUNTY, MISSISSIPPI**                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Judgment on the Pleadings [24] filed by Defendant Forrest County, Mississippi. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion for Judgment on the Pleadings [24] be granted, that Plaintiff's Complaint [1] be dismissed with prejudice, and that a strike should be entered against Plaintiff pursuant to 28 U.S.C. § 1915(g).

## BACKGROUND

On February 14, 2020, Plaintiff proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] asserting deprivation of his constitutional rights while detained at Forrest County Jail pursuant to 42 U.S.C. § 1983. *See* Complaint [1] at 4. Plaintiff named "Forrest County Sheriff's Dept." and "Petal City Police Dept." as defendants alleging that while he was being transported from Forrest County Jail to court in Petal, Mississippi, his shackles fell inside a storm drain and he was injured. *Id*. Plaintiff also claims that there is mold on the walls of the jail, that he slipped and fell where a sink was leaking, and that he was laughed at by officers. *Id*. Plaintiff later clarified his claims, asserting that he was denied adequate medical care. *See* [9] at 2.

On March 12, 2020, the Court directed Plaintiff to amend his pleadings because "Forrest County Sheriff's Dept." and "Petal City Police Dept." are not proper defendants in this action. *See* Order [6]. Plaintiff was instructed that the proper defendant for "Forrest County Sheriff's Dept." is Forrest County, Mississippi ("Forrest County"), and that in order to bring a §1983 claim against them he would need to identify a custom, pattern, or practice of the county that resulted in his constitutional rights being violated. *Id*. at 3. The Court provided the same information for "Petal City Police Dept." and the City of Petal, Mississippi ("Petal"). *Id*. at 2. Plaintiff's response contained none of the required information. *See* [7].

On May 5, 2020, the Court again directed Plaintiff to amend his pleadings to provide the required information to state a claim under 42 U.S.C § 1983. *See* Order [8]. Plaintiff was instructed that he could not maintain a claim against the sheriff's department or police department, and that if he intended to name Forrest County or Petal as defendants, he needed to identify a custom, policy, or practice as well as specific facts showing that his constitutional rights were violated. *Id*.

In Response [9], Plaintiff voluntarily dismissed the "Forrest County Sheriff's Dept." and "Petal City Police Dept." and added Forrest County and Petal. *See* [9] at 1. He did not identify a custom, policy, or practice that resulted in a violation of his constitutional rights as instructed. *Id*.

On August 24, 2020, Defendant Petal filed a Motion to Dismiss [18] asserting that Plaintiff failed to make a constitutional claim against Petal. Plaintiff did not respond to the Motion [18]. On November 19, 2020, a Report and Recommendation [21] was entered by the undersigned recommending that the Motion to Dismiss [18] be granted. Plaintiff had fourteen (14) days to file a written objection, but no objection was filed.

On March 3, 2021, Defendant Forrest County filed a Motion for Judgment on the Pleadings [24] arguing that Plaintiff has not identified a custom, policy, or practice as required to bring a constitutional claim against it, and that the action should be dismissed for failure to state a claim. On April 15, 2021, over one year after filing this action, Plaintiff moved to amend his complaint to name four new persons: Charlie Sims, Julia Flowers, and Chiquita Caine from Forrest County and Aaron Jenkins from Petal. *See* [27]. He did not allege any facts to show how these persons have violated his constitutional rights. Both Forrest County and Petal responded in opposition to the amendment. *See* [28] [29]. On May 28, 2021, the Motion to Amend was denied. *See* Order [33].

On May 13, 2021, the Report and Recommendation was adopted, and Petal was dismissed from the action. *See* Order [31]. Plaintiff responded to the Motion for Judgment on the Pleadings [24] but did not identify a custom, policy, or practice and simply reasserted his existing claims. *See* [32]. The matter is now ripe for review.

## ANALYSIS

When suing a local government for a violation of § 1983, a plaintiff must show that the policy or custom of the local government inflicted a constitutional injury. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable under a respondeat superior theory. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 121 (1992). "[L]ocal government may not be sued under § 1983 for an injury solely inflicted by its employees or agents. Instead, it is when execution of government policy or custom.... inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. At summary judgment, "a plaintiff making a direct claim of municipal liability must demonstrate a dispute of fact as to three elements: that (1) an official policy (2) promulgated by the municipal

3

policymaker (3) was the moving force behind the violation of a constitutional right." *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 395 (5th Cir. 2017).

Defendant Forrest County, the only remaining Defendant, argues in its Motion for Judgment on the Pleadings [24] that Plaintiff has not identified a custom, policy, or practice as required to bring a constitutional claim against it, and that the action should be dismissed for failure to state a claim. Plaintiff was told multiple times that in order to bring a claim against Forrest County, he needs to identify a custom, pattern, or practice. *See* Orders [6] [8]. He also was given an opportunity to respond to the Motion [24]. Nevertheless, despite the multiple orders from the Court and the pending Motion [24], Plaintiff has still not identified a policy promulgated by Forrest County that is the moving force behind the violation of his constitutional rights. As Plaintiff has not stated an actionable claim for relief against Forrest County under § 1983, the undersigned recommends that the Motion for Judgment on the Pleadings [24] be granted and that this action be dismissed.

Plaintiff was granted leave to proceed in this action *in forma pauperis*. *See* Order [5]. Under 28 U.S.C.§ 1915(g), a strike may be imposed against prisoners proceeding *in forma pauperis* if a suit is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Because Plaintiff has not stated a claim for relief under 42 U.S.C. §1983, the undersigned recommends that this action be dismissed with prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. The Motion for Judgment on the Pleadings [24] be GRANTED;
2. The Complaint [1] be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. The dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THIS the 28th day of May, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE